UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Dakotas and Western Minnesota Electrical Industry Health & Welfare Fund, by Randy Stainbrook and Edward Christian, in their representative capacity as Trustees, and each of their successors,<br><br>Plaintiff,<br><br>v.<br><br>First Agency, Inc. and Guarantee Trust Life Insurance Company,<br><br>Defendants. | Case No. _____<br><br><br><br><br><br>**COMPLAINT** |

The Dakotas and Western Minnesota Electrical Industry Health & Welfare Fund ("Dakotas Health Fund" or "the Fund"), by and through its Trustees in their representative capacities, as and for its Complaint against Defendants, states the following:

### IDENTITY OF PARTIES AND INTRODUCTION

1.  The Dakotas Health Fund is a Taft-Hartley, multiemployer trust fund governed by and subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1000, *et seq.*

2.  The Dakotas Health Fund is an employee welfare benefit plan, as defined in Section 3(1)(d) of ERISA, 29 U.S.C. § 1002(2).

3.  The Trustees of the Dakotas Health Fund named in this Complaint, and any subsequently appointed successors, are fiduciaries as defined in ERISA § 3(21), 29 U.S.C. § 1002(21).

4.  The Dakotas Health Fund provides health and welfare benefits, including medical and hospital benefits, to Fund participants in the Electrical Industry and their dependents, including

1

Fund participants and dependents who reside in the State of Missouri, in accordance with the terms and conditions contained in the Fund's Summary Plan Description and Plan Document ("Dakotas Health Plan"). Attached as <u>Exhibit A</u> is a true and correct copy of the Dakotas Health Plan and all amendments.

5. Defendant First Agency, Inc. ("First Agency") is, and for all times relevant to this Complaint, was a Foreign Profit Business Corporation registered with the North Dakota Secretary of State, organized and existing under the laws of the State of Michigan, with its principal place of business located in Kalamazoo, Michigan. First Agency has a registered agent to accept service of process in North Dakota, located in Bismarck, North Dakota.

6. Defendant Guarantee Trust Life Insurance Company ("Guarantee Trust") is, and for all times relevant to this Complaint, was a Mutual Insurance Company licensed to do business in the State of North Dakota, with its principal place of business in Glenview, Illinois. Guarantee Trust also has a registered agent to accept service of process in North Dakota, located in Bismarck, North Dakota.

7. Upon information and belief, for all times relevant to this Complaint, First Agency sold and/or administered student medical accident insurance policies in various states, including the States of North Dakota and Missouri, providing coverage for accidental injuries sustained by students while participating in athletic activities.

8. Upon information and belief, First Agency is, and at all times relevant to this Complaint, was an active appointee of Guarantee Trust in North Dakota, with a license to produce Guarantee Trust policies in various states, including the States of North Dakota and Missouri.

9. Upon information and belief, First Agency sold and/or administered student medical accident insurance coverage policies on behalf of Guarantee Trust, and further that First Agency managed claims under said policies on behalf of Guarantee Trust.

10. In respects relevant to this Complaint, a student attending college in the State of Missouri ("the Student") was covered by a policy sold and/or administered by First Agency on behalf of Guarantee Trust and was also covered by the Dakotas Health Plan as a dependent of a Dakotas Health Fund participant. As such, the Student was and is entitled to payment of medical expenses for accidental injuries he sustained during a college-sanctioned athletic practice. The Student's coverage through the Dakotas Health Fund was pursuant to the terms, conditions and limitations in the Dakotas Health Plan, including the Dakota's Health Plan's Coordination of Benefits ("COB") provisions.

11. Upon information and belief, the Student's medical expenses related to covered injuries sustained during athletic practice remain unpaid.

12. Pursuant to the terms of the Dakotas Health Plan's COB provisions, the plan that covers an individual other than as a dependent is the primary plan, and the plan that covers the individual as a dependent is the secondary plan. The Dakotas Health Plan COB provisions further state that the Dakotas Health Plan is excess coverage to any other plan purporting to be excess coverage to any other insurance plan.

13. The student medical accident insurance policy provided by Guarantee Trust and First Agency covers the Student other than as a dependent and purports to be excess coverage to any other insurance plan. Accordingly, upon information and belief, the Guarantee Trust and First Agency policy is primarily liable for payment of the current and future medical benefits for accidental injuries sustained by the Student during the college-sponsored athletic practice.

14. Although the Dakotas Health Fund has made several demands upon the Defendants to assume primary coverage for the medical expenses sustained by the Student during the college-sponsored athletic practice, the Defendants have refused and denied primary liability.

15. The Dakotas Health Fund hereby seeks a declaration that it is not primarily liable to pay the current and future medical expenses of the Student for accidental injuries sustained during a college-sponsored athletic practice, which are also covered by the policy of the student medical accident insurance provided by Defendants, so that coverage is provided by both the Dakotas Health Plan and Defendants' policy and the Student's medical expenses are finally paid.

16. The Dakotas Health Fund also seeks reimbursement for all of its attorney's fees and costs in having to pursue this lawsuit, pursuant to 29 U.S.C. § 1132(g)(1).

## VENUE AND JURISDICTION

17. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), in that an action under Title I of ERISA may be brought in the district where the plan is administered. The Dakotas Health Fund's offices are located at 4510 13th Avenue South, Fargo, North Dakota.

18. Jurisdiction is proper under 28 U.S.C. § 1331, in that the Dakotas Health Fund brings this action under federal common law and 28 U.S.C. § 2201(a) for a declaration that it is not primarily liable to pay for the medical expenses of the Student, and the Defendants are liable to pay the Student's past and future medical expenses.

19. Jurisdiction is also proper under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3), in that the Dakotas Health Fund seeks equitable relief to enforce the COB provisions of the Dakotas Health Plan.

## BACKGROUND

### Dakotas Health Plan

20. Section 10.2 of the Dakotas Health Plan states, "The Coordination of Benefits (COB) provision applies when a person has health care coverage under more than one (1) plan or insurance policy . . . . In that case, benefits will be coordinated among the plans or policies as that term is defined as below." Ex. A, p. 90.

21. Section 10.2 of the Dakotas Health Plan further states:

> The order of benefit determination rules govern the order in which each Plan will pay a claim for benefits. The plan that pays first is called the Primary Plan. The Primary Plan must pay benefits in accordance with its terms without regard to the possibility that another plan may cover some expenses. The plan that pays after the Primary Plan is the Secondary Plan. The Secondary Plan may reduce the benefits it pays so that payments from all plans do not exceed 100% of the total Allowable Expense.
>
> . . .
>
> When a person has health care coverage under This Plan and Another Plan, This Plan is generally the Secondary Plan, unless both plans' coordination of benefits provisions provide that This Plan is the Primary Plan. Id.

22. The Dakotas Health Plan's Order of Benefit Determination Rules determine whether the Dakotas Health Plan is the Primary Plan or Secondary Plan when the Covered Person has health care coverage under more than one plan. The applicable Order of Benefit Determination rules include:

> a. [A] Plan that does not contain a coordination of benefits provision that is consistent with the Group Coordination of Benefits Model Regulation (Model#120) published by the National Association of Insurance Commissioners in 2005, as amended, (including a Plan that does not contain any coordination of benefits provision) is always primary unless the provisions of both Plans state that the complying Plan is primary. Ex. A, pg. 93 (1a.).
>
> b. The Plan that covers the person other than as a dependent (for example, as an employee, member, policyholder, subscriber, or retiree) is the Primary

Plan, and the Plan that covers the person as a dependent is the Secondary Plan. Ex. A., pg. 94 (3a.).

23. Section 10.2 of the Dakotas Health Plan defines "Plan," "Other Plan," and "Another Plan" as used in Section 10.2 to include "Group-type contracts," meaning "a contract that is not available to the general public and is obtained and maintained only because of membership in, or connection with, a particular organization or group, including blanket coverage." Ex. A, pg. 91 (1d.).

24. The policy issued by Defendants in this matter is a "group-type contract" that provided blanket medical coverage to the Student as a result of his membership and participation in a college-sponsored athletic practice.

25. Without regard to Section 10.2, Section 10.6 of the Dakotas Health Plan further states, "Coverage under This Plan is secondary coverage to any plan or policy of insurance which may pay medical expenses for a specific risk . . . ." Ex. A, pg. 99.

26. The policy issued by Defendants in this matter is intended to pay medical expenses for the specific risk of a student getting injured during a college-sponsored athletic event.

27. Section 10.7 of the Dakotas Health Plan further provides:

> Regardless of any other rule stating otherwise, all benefits payable under This Plan will be limited to being in excess of the benefits which are payable by any other plan or insurance policy which is or purports to be an "excess policy" or an "excess plan" paying benefits only in excess of benefits provided by any other plan or policy. Id.

28. The only justification Defendants have provided for denying primary benefits to the Student is that their policy is an "excess only" policy that provides benefits in excess of benefits provided by any other plan or policy.

### The Student

29. Andrew Plassmeyer is a participant in the Dakotas Health Fund, and was for all relevant periods of time, and based on his employment under an Electrical Industry Union collective

6

bargaining agreement requiring his employer to make contributions to the Dakotas Health Fund for his fringe benefits, he was entitled to medical coverage from the Dakotas Health Fund for himself and his covered dependents.

30. Plassmeyer's covered dependent son sustained an injury to his knee while at baseball practice on February 13, 2014 at Westminster College in Fulton, Missouri.

31. Upon information and belief, Westminster College maintained a student medical accident insurance policy covering students, including Plassmeyer's son, which was sold and/or administered by First Agency on behalf of Guarantee Trust.

32. The Dakotas Health Fund has made several demands on Defendants to assume primary coverage for Plassmeyer's son's injuries relating to the accident, which have been denied. Attached as Exhibit B are redacted copies of the correspondence exchanged between the Dakotas Health Fund and Defendant First Agency.

## THE CONTROVERSY

33. Notwithstanding that the Defendants were advised of the Dakotas Health Fund's COB provisions and federal case law holding that an ERISA plan's COB provisions take priority over a private insurer's COB provisions, Defendants have taken the position that the student medical accident insurance policy procedures providing coverage to the Student for accidents sustained during athletic activities is an excess policy designed to supplement any other insurance or plan, whether it be an individual or group policy, so that Defendants have asserted that the other policy (including the Dakotas Health Fund) must contribute its maximum plan limits before the Defendants are obligated to provide any coverage under its policies. Attached as Exhibit C is a true and correct copy of the policy issued by Guarantee Trust and/or First Agency to Westminster College.

7

34. Defendants' policy states, "After the Deductible has been satisfied, We will pay the Insured Percent of incurred Covered Charges which are in excess of the total benefits payable for the same Injury by any Other Valid and Collectible Insurance or Plan on a provision of service or on an expense incurred basis, up to the Maximum Benefit Amount, Per Injury." Exhibit C, pg. 11.

35. Defendants' policy is not a "true excess" policy, but rather includes a "blanket coordination of benefits clause" intended to make Defendants' policy secondary to any other insurance plan or policy.

36. Defendants have thus refused and failed to pay the Student's covered medical expenses required to be paid primarily by Defendants under the Dakotas Health Plan's COB provisions.

37. Upon information and belief, the Student's covered medical expenses relating to his athletic injuries remain unpaid and outstanding.

## COUNT I – DECLARATORY JUDGMENT

38. The Dakotas Health Fund restates and realleges paragraphs 1 through 37 of this Complaint as if fully restated and realleged herein.

39. The Dakotas Health Fund requests this Court to examine the Dakotas Health Plan and the student medical accident insurance policy issued and managed by Defendants and declare the liability of the Dakotas Health Fund and Defendants, each to pay past, present, and future covered medical expenses relating to the accidental injuries sustained by the Student in athletic activities, which were covered by both the Dakotas Health Plan and Defendants' policy.

40. The Dakotas Health Fund requests this Court to examine the COB provisions contained in the Dakotas Health Plan, and the COB and/or Other Insurance provisions of the Defendants' policy, and find that an actual controversy exists between the Dakotas Health Fund and the Defendants as to their rights and other legal relations, with respect to the responsibility for payment of the covered

medical expenses of the Student related to accidental injuries he sustained in athletic activities, which controversy can only be determined by a declaratory judgment issued by the Court.

41. The Dakotas Health Fund requests this Court to declare that the Dakotas Health Plan's COB provisions may and should be given priority and enforced against the Defendants by requiring Defendants to pay the Student's past and future covered medical expenses relating to the injuries he sustained during athletic activities up to the maximum amount of Defendants' policy limits.

## COUNT II – ERISA § 502(a)(3) EQUITABLE RELIEF

42. The Dakotas Health Fund restates and realleges paragraphs 1 through 41 of this Complaint as if fully restated and realleged herein.

43. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff Trustees may bring a civil action to enjoin any act or practice which violates the terms of the Dakotas Health Plan. Plaintiff Trustees may further obtain other equitable relief to redress such violations or enforce the terms of the Dakotas Health Plan.

44. The terms of the Dakotas Health Plan designate the Defendants policy as the primary plan responsible for the Student's covered medical expenses related to injuries suffered during athletic activities.

45. In order to enforce the terms of an ERISA-regulated welfare benefit plan, the Dakotas Health Fund seeks an order of equitable relief finding that the COB provisions of the Dakotas Health Plan are to be given priority and requiring Defendants to assume primary responsibility for the Student's covered medical expenses related to injuries suffered during a college-sponsored athletic practice.

## PRAYER FOR RELIEF

WHEREFORE, the Dakotas Health Fund requests that this Court:

    a. Declare as between the Dakotas Health Fund and the Defendants, that the Defendants had, and continue to have, primary responsibility for paying the covered medical expenses on behalf of the Student relating to accidental injuries he sustained during a college-sponsored athletic practice, and to pay his future covered medical expenses;

    b. Enter an order of equitable relief to enjoin Defendants from denying primary coverage and to enforce the terms of the Dakotas Health Plan pursuant to its COB provisions.

    c. Retain jurisdiction to enforce the declaratory judgment and other equitable remedies sought herein by the Dakotas Health Fund, for such period of time as is required, until Defendants pay the Student's covered medical expenses relating to accidental injuries he sustained during a college-sponsored athletic practice.

    d. Enter any further orders which are reasonable and just to effectuate the terms of the Dakotas Health Plan and the equitable remedies requested herein;

    e. Grant such other relief as the Court deems just and proper;

    f. Award costs and reasonable attorney's fees in favor of the Dakotas Health Fund.

Respectfully submitted,

Date: July 9, 2015

**ANDERSON, HELGEN, DAVIS & CEFALU, P.A.**

By: _____
Bryan J. Morben (#08180 ND/ #396624 MN)
Amanda R. Cefalu (#309324 MN)
333 South 7th Street, Suite 310
Minneapolis, MN 55402
[T:] 612-435-6363
[F:] 612-435-6379
[E:] bjm@andersonhelgen.com

*Attorneys for Plaintiff*

238692